[No. 3,587.]

# P. G. MURRAY *v.* F. DAKE.

WRITTEN CONTRACT — PAROL TESTIMONY. — The general rule that parol testimony is inadmissible to contradict, add to, or vary a written contract, does not exclude proof by parol testimony of fraud or mistake in the execution of the contract, when a reformation of the instrument is sought.

EQUITY—FRAUD OR MISTAKE.—A Court of equity will interfere to prevent the fraudulent use of a paper for a purpose not contemplated at the time it was made, even where there was no mistake or fraud in its execution.

REFORMATION OF A LEASE BY A COURT OF EQUITY.—If a lease is drawn of all of a brick building. but before it is signed by the lessor the parties agree verbally that it shall only cover the building as it then is, and that the lessor may erect and use a second story, the lessee cannot recover in ejectment a second story afterwards erected ; but a Court of equity will prevent such fraudulent use of the lease, and reform it so as to make it correspond with the verbal agreement of the parties.

EVIDENCE IN EJECTMENT.—In ejectment, based on a lease made by defendant to plaintiff, evidence is admissible that there was a verbal understanding that the demanded premises were not to be included in it, provided that defense is set up, and the Court is asked to reform the lease.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*Barney McKinne* and *J. H. Budd,* for Appellant.

The written lease by deed embodied the result of the negotiations between the parties, and this deed is not to be varied, enlarged, or contradicted by parol testimony. (*Tinney* v. *Tinney,* 3 Atk. 8; *Clifton* v. *Walmsby,* 5 T. R. 567; *Monell* v. *Cook,* 35 Maine, 207; *King* v. *King,* 7 Mass. 496.)

The rule that parol evidence is inadmissible to add to or vary a written instrument, applies with still greater force to all written agreements which are required by the Statute of Frauds to be in writing. (*Hare* v. *Shearwood,* 1 Ves. 241;

*Jackson* v. *Coter*, 5 Ves. 688 ; *Parteriche* v. *Powlett*, 2 Atk. 383; *Wain* v. *Welters*, 5 East, 10; *Powell* v. *Edmonds*, 12 East, 6.)

Even conceding that plaintiff had said that his word was as good as his bond, and that the defendant placed reliance on such statement, such parol statement constitutes no defense in this action.   (*Leman* v. *Whitney*, 4 Russ. Ch. 423; 2 Story Eq. Jur., Sec. 678; *Jangerman* v. *Bovee*, 18 Cal. 354; *Lord Montecute* v. *Maxwell*, 1 P. Wm. 520; *Hollis* v. *Whiting*, 1 Vern. 151 ; *Spreckles* v. *Sax*, 1 E. D. Smith, 253; *Kinard* v. *Heirs*, 3 Rich. Eq., S. C., 423; *Schmidt* v *Gatewood*, 2 Rich. Eq., S. C., 162.)

*Byers & Elliott*, for Respondent.

Part of the contract is omitted from the writing; and this omission was induced by the false and fraudulent representations of the appellant, the respondent confiding in them. If appellant was now permitted to take advantage of the omission and hold respondent strictly to the written lease as the only evidence of the agreement, this Court would be sanctioning the commission of a fraud.   (*Phyfe* v. *Wardell*, 2 Edwards Ch. 47.)

The taking possession of the roof of the building and erecting the second story thereon became a part performance of the agreement, and the attempt to get possession by appellant is a fraud.   (Story's Eq. Juris., Sec. 761; 2 Edwards Ch. R. 51; *Parkhurst* v. *Van Cortland*, 14 Johns. R. 33, and cases there cited; *Watt* v. *Grove*, 2 Sch. & Lef. 502.)

When an exception is not introduced into a written agreement, on the mutual understanding that it is not necessary to carry out the intention of the parties, and one party afterwards insists upon the legal effect of the instrument, it is such a fraud as will let in parol testimony to reform the contract.   (*Renshaw* v. *Gans*, 7 Barr, 117; *Elliott* v. *Connell*, 2 Ala. 571; *Blanchard* v. *Moore*, 4 J. J. Marsh, 471; *Hulson*

v. *Noble,* 4 J. J. Marsh, 130; *Anderson* v. *Bacon,* 1 A. K. Marsh, 48; *Martin* v. *Lewis,* 1 id. 102; *Wesley* v. *Thomas,* 6 Hart & J. 24; *Watkins* v. *Shackett,* 6 Hart & J. 435; *Chetwood* v. *Brittain,* 1 Green Ch. 438; *Van Valkenburgh* v. *Rouk,* 12 Johnson, 337; *Erwin* v. *Saunders,* 1 Cow. 250; 2 Keen, 221; *Rosevelt* v. *Fulton,* 2 Cow. 129; *McDonald* v. *Neilson,* 2 Cow. 139.)

By the Court, BELCHER, J.:

This action is ejectment to recover the second story of a brick building and the yard in the rear of an adjoining building. The plaintiff claims under a lease made by the defendant to himself and one William Murray of "all that certain brick building situate at the southwest corner of California and Main streets, in the City of Stockton, together with the lot on which the same stands, and the rear yard to the depth of seventy feet."

When the lease was executed the plaintiff and William Murray were in possession of the building, which had then but one story, using it as a store under a former lease, which had yet six months to run. Shortly afterwards, and within the six months, the defendant erected the second story, and made an entrance to it by an outside stairway.

It was proved, against the objection of the plaintiff, that during the negotiations for the lease it was expressly understood between the parties that only the building as it then was, with the fifteen feet in the rear of it, was to be embraced in the lease; that the defendant was to have the right to build a second story for his own use; that one of the lessees procured the lease to be written, and when it was read to the defendant he objected to signing it, because it did not reserve his right to erect the second story; that he was answered by the lessees that it would make no difference whether the right were reserved in the lease or

not, as it was plainly understood and agreed that he was to have the right, and might exercise it freely; that upon these assurances he signed the lease; that the second story was afterwards built, without objection from the lessees, and without any claim being then made to it by them, but with their expressed assent and approval.

In his cross-complaint the defendant set up these facts and asked that the lease be reformed so as to express the true contract as made by the parties.

The Court directed the lease to be reformed as prayed for and rendered judgment for the defendant.

The only questions presented on the appeal relate to admissibility of the testimony objected to.

There is no doubt as to the general rule that parol testimony is inadmissible to contradict, add to, or vary a written contract. The rule does not, however, exclude proof by parol testimony of fraud or mistake in the execution of the contract when a reformation of the instrument is sought. For this purpose the testimony is always admissible, and the only question is whether it establishes such fraud or mistake as will induce a Court of equity to interfere and correct the writing.

The evidence shows, and the Court finds, that the defendant would not have signed the lease in its present form if he had not been assured by the plaintiff and his co-lessee that he might as freely erect and use for his own purposes the second story as if a stipulation to that effect were inserted in the writing. It was not, however, a case of mistake as to the contents of the lease, for the defendant knew at the time what he was signing, though he may not have known the legal effect of the words used. Nor does it appear that either of the lessees had at that time any fraudulent intention to use the lease for any purpose other than what was named and agreed to. It would seem that the idea of claiming the second story under the lease was first con-

ceived by the plaintiff after the second story was built, and after some disagreement had arisen between him and the defendant.

This presents the question whether a Court of equity will interfere to prevent the fraudulent use of a paper for a purpose not contemplated at the time it was made, but where there was no mistake or fraud in its execution. There is some conflict in the authorities upon the question, but we think the better opinion is that relief will be granted. In *Coger's Executors* v. *McGee*, 2 Bibb. 321, the Court of Appeals in Kentucky said: "For a party either to produce a mistake, or prevent it from being rectified, under the declaration that he would observe the understanding of the parties as verbally expressed and requested to be inserted in the writing, and afterwards attempt an advantage from its omission in the writing, is fraudulent and ought to be relieved against." In *Parks* v. *Chadwick*, 8 Watts and Serg. 96, the Supreme Court of Pennsylvania said: "It is as much a fraud to obtain a paper for one purpose and use it for a different and unfair purpose, as to obtain it by fraudulent statements." In *Renshaw* v. *Gans*, 7 Barr. 117, the same Court said: "All the cases show that to pave the way for the reception of oral declarations it is not necessary to prove a party was actuated by a fraudulent intention at the time of the execution of the writing. His original object may have been perfectly honest and upright; but if to procure an unfair advantage to himself, he subsequently deny the parol qualification of the written contract, it is such a fraud as will, under the rules, operate to let in evidence of the real intent and final conclusion of the contractors."

In *Taylor* v. *Gilman*, 25 Vt. 412, the Court said: "It would seem from the testimony that there is no ground for relief in consequence of any accident or mistake, for the deed and its covenants were drawn, as they were, under-

standingly; the attention of the parties and the scrivener was called at the time to this matter of which they now complain, so that they understandingly neglected to make those covenants conformable to the true contract of the parties. There was, therefore, no accident or mistake either in fact or law existing in the case. Neither does the bill set up any mistake or accident of the parties in the drawing or execution of the deed or covenants, as a ground of equitable interference. The only ground, therefore, upon which this testimony can be received to control the legal effect and operation of these covenants is the fraud of the party in attempting to enforce them in violation of his agreement." And it was accordingly held that as the party was making a fraudulent use of certain covenants in violation of his express agreement, the case was brought within the general rule upon which relief is granted.

To permit the plaintiff here to avail himself of this lease, in violation of his express agreement, to recover the property in controversy, would be to uphold and sanction fraud and bad faith.

As we read it, the lease does not, in terms, include the yard in the rear of the blacksmith shop; but if this be doubtful, the testimony clearly shows that that yard was not intended to be included.

Judgment and order affirmed.

Mr. Justice RHODES dissented.