[No. 7,717.—Department Two.]

## B. ISENHOOT *v.* R. A. CHAMBERLAIN.

REFORMATION OF LEASE—FRAUD—MISTAKE—PAROL TESTIMONY TO VARY WRITTEN INSTRUMENT.—Fraud or mistake always constitutes an exception to the general rule that parol evidence is inadmissible for the purpose of contradicting, adding to, or varying the language of a written instrument. Parol evidence is always admissible in case of mistake or

fraud in actions in equity to rescind a contract or to reform an agreement so as to make it speak the real intention of the parties.

ID.—ID.—ID.—ID.—In an action to enjoin defendant from tearing down and removing certain buildings and improvements on premises leased to him by plaintiff, the defendant pleaded (in effect) that, during the negotiations for the lease, it was distinctly understood and agreed that the improvements above mentioned were the property of defendant; that he was to have the right to remove them on the expiration of the lease, and that such right was and should be one of the conditions of the lease; that, by accident or mistake, this condition was omitted, and that when the lease was presented to defendant to sign, he objected, and refused to sign it, because of this omission; that on such refusal, the plaintiff then and there agreed with him that such omission should make no difference, as the true conditions of the lease were well known to both parties; that relying on this agreement, and the good faith and honesty of the plaintiff, the defendant executed the lease; and on the trial, evidence was admitted, over the objection of the plaintiff, to prove the matters thus alleged.    *Held:* The Court properly overruled the objections to the testimony.

ID.—ID.—ID.—ID.—PURCHASER WITHOUT NOTICE—PLEADING—PRESUMPTION.—When any right is claimed on the ground that the party is a purchaser in good faith for valuable consideration, it must generally be pleaded and proved.

APPEAL from a judgment for the defendant in the Superior Court of Butte county.    HUNDLEY, J.

*A. J. Gifford* and *Reardan & Freer*, for Appellant.

We do not deny that parol testimony of fraud, accident, or mistake in the execution of a written contract is admissible, when the reformation of the writing is sought; but we say that the facts stated in the pleading in question do not disclose a case authorizing the interference of a Court of equity upon either of these grounds; no accident, no mistake, no fraud in the creation of the instrument, and no fact *dehors* the instrument, raising an equity superior to the writing. (*Pierce* v. *Robinson*, 13 Cal. 127; *Stevens* v. *Cooper*, 1 Johns. Ch. 429; S. C., 7 Am. Dec. 499; *Parkhurst* v. *Van Cortlandt*, 1 Johns. Ch. 281; S. C., 7 Am. Dec. 427.)

*J. T. Daly* and *F. C. Lusk*, for Respondent.

The evidence to which exceptions were taken by the plaintiff was properly admitted.    (*Pierce* v. *Robinson*, 13 Cal. 127; *Murray* v. *Dake*, 46 id. 649; *Hultz* v. *Wright*, 16 Serg. & R.

346; S. C., 16 Am. Dec. 575; *Oliver* v. *Oliver,* 4 Rawle, 144; S. C., 26 Am. Dec. 123; *Taylor* v. *Luther,* 2 Sumn. 233.)

THORNTON, J.:

Appeal from a judgment in favor of defendant.

The action was brought to enjoin defendant from tearing down and removing from premises leased by plaintiff to him, the buildings and improvements thereon at the time the lease was executed, and for damages amounting to two hundred dollars. The lease bore date the fourth day of October, 1879, and the term expired on the fourth day of October, 1880. The plaintiff alleges such to be the date and term of the lease, and that he acquired the title to the premises by deed bearing date two days thereafter, viz., on the sixth day of October, 1879. The tract of land leased was conveyed on the day just mentioned, by deed executed by Ed. R. Hamilton and W. P. Coleman, Trustees.

In his answer, defendant denies that plaintiff is the owner of the houses, barns, fences, sheds, slaughter-house, etc., on said land, except one barn and a shed attached thereto, which is the same barn and shed mentioned in the written lease annexed to the answer. Defendant admits that on the twenty-fourth of September, 1880, he had taken down, and was removing, peaceably and quietly, the property mentioned in the complaint, except the barn and shed above mentioned, and that he intended to take down and remove all of said property, with the exception above mentioned, prior to October 4, 1880, all of which he had a good right to do.

For a further defense to the action, and by cross-complaint, defendant sets up and avers that he became, on the eleventh of July, 1879, the owner of all said improvements on the leased tract, which he intended to remove, and has ever since continued to be such owner; that on or about the fourth of October, 1879, by an agreement entered into on that day between the parties hereto, the plaintiff promised to lease the premises aforesaid to defendant for the term of one year, upon the terms mentioned in the said lease, and upon the further condition that on or before the expiration of the lease, defendant was to have the right to remove from the tract described the improvements and fixtures, with the

exception stated above; that during the negotiations for the lease it was distinctly understood and agreed between plaintiff and defendant that the improvements above mentioned were the property of the defendant; that he was to have the right to remove them on the expiration of the lease, and that such right was one of the conditions of the lease, and during such negotiations the plaintiff admitted at all times that the defendant was the owner of the said improvements, and entitled to remove the same, and that such right should be a condition of the lease; that the lease was reduced to writing by the procurement of the lessor, and by accident or mistake the condition giving the right to defendant to remove as above stated, was omitted; that when the lease was presented to him (defendant) to sign, he objected and refused to sign it, because of this omission; that on such refusal, the plaintiff then and there agreed with him, that such omission should make no difference, as the true conditions of the demise were well known to both parties; that the plaintiff well knew that defendant was the owner of such improvements, and entitled to remove them, regardless of such omission, and according to the agreement defendant should still have such right to remove; that relying on this agreement, and the good faith and honesty of plaintiff in making such promises, the defendant executed the lease; that by plaintiff's acts he is estopped from claiming said property, and to suffer him to do so would be to permit him to make a fraudulent use of the covenants of the lease in violation of his express agreement. The defendant asks that the Court adjudge that the lease be reformed so as to express the true contract between the parties, and for other and further relief, specially and generally asked.

Plaintiff demurred to the cross-complaint on the general grounds, and also on special grounds. The Court overruled the demurrer. The plaintiff then answered the cross-complaint, denying all of its material allegations, and further set up that defendant never, at any time, became the owner of the improvements in controversy. The cause came on for trial, and the Court rendered the following decision:

I. "That the plaintiff is the owner of the real estate described in the complaint and in the lease.

II. "That the plaintiff is not the owner of the property and improvements on said real estate, or any part or portion thereof, except one barn and a shed attached thereto, mentioned in the lease, and the outside line of fence.

III. "That at the date of the execution of said lease, to wit, October 4, 1879, the said improvements and fixtures on said land, or any part thereof, except the barn and a shed attached, and the outside line of fence, were not the property of plaintiff, nor had he, at any time before, or since, a right to the same.

IV. "That defendant had, during the month of September, 1880, taken down, for the purpose of removal, a part of the improvements on the said land, and intended to take down and remove the whole of said improvements, excepting the barn, one shed attached thereto, and the outside fence.

V. "That the property removed and intended to be removed was of the value of one thousand dollars.

VI. "That the defendant is not insolvent.

VII. "That the property taken down for the purpose of removal could be replaced in as good condition as before taken down, for the sum of twenty-five dollars; and that plaintiff was not damaged in the sum of two hundred dollars, or in any other sum whatever, by reason of any matter set up in the complaint.

VIII. "That one John Kempf was the owner and in the possession of the land described in the lease, for a long time prior, and up to the —— day of October, 1879. That an agreement was entered into between said John Kempf and his copartners in the butchering business, to build on the land described in the lease all houses, pens, sheds, improvements and fixtures necessary for temporary use in said business. That all improvements and fixtures, placed on said land for use in said business, were by said agreement to be treated as personalty; and should be removed by said copartners, or their successors in interest, from said land at the termination or ending of the use of said lands for said purposes. That the improvements and fixtures described in the complaint, were placed on said land in pursuance of said agreement.

IX. "That on the eleventh day of July, 1879, the defend-

ant, by purchase from the aforesaid copartners, became the sole owner of the said improvements and fixtures, and continued in possession thereof up to the termination of said lease, but was prevented from removing the same, in consequence of the injunction order of this Court.

X. "That on October 4, 1879, by an agreement entered into on that day, the plaintiff promised to lease the premises mentioned in the lease, a copy of which is attached to the cross-complaint herein, to the defendant for the term of one year, upon the terms mentioned in said lease, and upon the further condition that on or before the expiration of said lease the defendant was to have the right to remove from said land all the improvements and fixtures on said land, except said barn, shed, and outside fence. The said improvements to be removed are particularly described as all inside fences, slaughter-house and shed attached, hide house, two hog houses, one shed on west side of barn, one long cattle shed near the barn, one windmill, pump, and tank, furnaces and kettles, two windlasses, three troughs, one horse-power attached to pump, and a lumber platform in hog corral; that during the negotiations for lease it was distinctly understood and agreed upon between the parties that said improvements were the property of this defendant; that he was to have the right to remove them on the expiration of said lease; and during said negotiations the plaintiff, at all times, admitted the defendant to be the owner of the same, entitled to the right to remove the same, and that that right should be a condition of said lease.

XI. "That the said lease was reduced to writing at the procurement of the lessor, and the right to remove the said improvements had been, by accident or mistake, omitted. That upon reading the said lease to the defendant, he refused to sign said lease unless said condition was inserted in the lease. That the plaintiff then and there agreed with the defendant that the omission of said condition from the written lease should make no difference, as the conditions of the demise were well known to the parties, and that he, this plaintiff, well knew the defendant was the owner of said improvements and fixtures, and was entitled to remove them. And that this defendant, regardless of the omission of said condition, and according to the actual agreement and understand-

ing between them, should still have the right and privilege of removing said improvements and fixtures from said land, on or at any time before the expiration of said lease.

XII. "That upon said assurance and agreement of said plaintiff only, and relying thereon, and firmly believing in the good faith and honesty of the plaintiff in making said assurance and promise, the defendant was induced to, and thereupon did take, sign, and execute the said lease as written, notwithstanding the omission of the said condition from the lease. And that defendant would not have taken and executed said lease, had he not believed in the good faith and honesty of plaintiff in making the said assurance.

· XIII. "That all the allegations and averments of the defendant's cross-complaint are true, and all the denials and allegations of the plaintiff's answer to said cross-complaint, inconsistent with or contradictory to the allegations of defendant's cross-complaint, are untrue.

XIV. " That at the date of executing said lease, all the fixtures and improvements described in the cross-complaint were on said land, but were not leased with the land.

XV. " That the Sacramento Savings Bank had and held a deed of trust on said land, dated October 23, 1878, given by one John Kempf, and duly recorded. That the said land was sold under the provisions of said deed of trust in October, 1879, at which sale this plaintiff became the purchaser; that plaintiff well knew at the time of said purchase, that the defendant was the owner of said improvements and fixtures; and that only a small part of said improvements and fixtures, of the value of fifty dollars, were placed on said land after the execution of said deed of trust in October, 1878.

XVI. " That before, after, and at the time said fixtures and improvements were put on said land, John Kempf had power and authority to contract with the defendant and with any one, that the same should be treated as personalty and might be removed by the defendant or the then owners, at the ending of the use of said land for butchering purposes, and to sell or dispose of the same, and make and contract concerning the same.

XVII. " That by the acts of plaintiff he is now estopped from claiming said property, and to suffer him so to do would

be to permit him to make a fraudulent use of the covenants of said written lease, in violation of his expressed agreements.

"As conclusions of law from the foregoing facts, the Court now hereby finds and decides:

I. "That the written lease described in the cross-complaint on file herein, should be reformed as prayed for in said cross-complaint.

II. "That the injunction should be dissolved.

III. "That the defendant should have twenty days from and after filing the decree herein, to remove all the property described in his cross-complaint herein.

IV. "That the defendant is entitled to a judgment for costs. And judgment is hereby ordered to be entered accordingly."

A bill of exceptions was settled, from which it appears that the defendant offered to prove the matters alleged in his cross-complaint, to which plaintiff objected; the objection was overruled, and plaintiff excepted. The grounds of the objection just mentioned are, that the testimony offered was irrelevant and incompetent; that it was for the purpose of contradicting, adding to, and varying the written agreement of lease between the parties.

*Fraud* or *mistake* always constitutes an exception to the general rule, that parol evidence is inadmissible for the purpose of contradicting, adding to, or varying the language of a written instrument. Parol evidence is always admissible in case of mistake or fraud in actions in equity, to rescind a contract, or to reform an agreement so as to make it speak the real intention of the parties. (See 2 Whart. on Ev. 1019, and cases cited in note 2; id. 931; 1 Greenl. Ev., § 284; Stephens' Dig. of Law of Evidence, art. 90; *Goss* v. *Lord Nugent*, 5 Barn. & Adol. 58, 65; *Pierson* v. *McCahill*, 21 Cal. 122; *Murray* v. *Dake*, 46 id. 644; *Shughart* v. *Moore*, 78 Pa. St. 469.)

It is a mistake to conclude that there was no consideration for such an agreement to remove. It was in reality a part of the consideration for which the lease was executed. Therefore this feature does not show a case different from that of *Murray* v. *Dake*, 46 Cal. 644, which is a case similar to this in all essential particulars. In that case, which was ejectment to recover the second story of a brick building and the yard in the rear of an adjoining building, the plaintiff claimed

under a lease executed by the defendant to himself and one Murray, of the building above mentioned, together with the lot on which it stood, and the rear yard, etc. At the time of the execution of the lease the plaintiff and Murray were in possession of the building, which had then but one story, using it as a store, under a former lease, having then six months to run. Shortly afterwards, and within the six months, the defendant erected the second story, and made an entrance to it by an outside stairway. It was proved, the plaintiff objecting thereto, that during the negotiations for the lease it was expressly understood between the parties that only the building, as it then was, with the fifteen feet in the rear of it, was to be embraced in the lease; that the defendant was to have the right to build a second story for his own use; that one of the lessees (plaintiff was one of them) procured the lease to be written, and when it was read to the defendant, he objected to signing it, because it did not reserve his right to erect the second story; that he was answered by the lessees that it would make no difference whether the right was reserved in the lease or not, as it was plainly agreed that he should have the right; that upon these assurances he signed the lease; that the second story was afterwards built, without objection from the lessees, and without any claim being then made to it by them, but with their expressed consent and approval. The defendant set up these facts in his cross-complaint, and asked that the lease might be reformed so as to express the true contract between the parties. The Court adjudged that the lease be reformed, and gave judgment for the defendant.

The question presented and determined by the Court on appeal, related to the admissibility of the testimony above stated; and this comprehended the question to be decided in the case now before us. It was adjudged that the testimony was admissible, and the objections, similar to those argued here, were held untenable. We do not desire to add anything to the opinion of the Court in the case cited. The point is ably discussed and well decided, and in our judgment it should control this case, and it demonstrates the correctness of the judgment rendered herein by the Court below. We do not concur in the criticism of the learned counsel of appellant in

regard to the case cited, nor do we perceive that the distinction which he attempts to establish between it and the case under consideration exists, for the reason stated above.

The Court properly overruled the objections of plaintiff's counsel to the offer of defendant.

The plaintiff argues that, nothing to the contrary appearing in the cross-complaint, it must be presumed that the plaintiff purchased the land in good faith without notice of any equity in the defendant, and also that he paid a sound price. We can not see that any such presumption can be indulged between the parties to this case. When any right is claimed on such ground, it must be generally pleaded and proved. The evidence is not set forth in the record, and if any such defense was set up in the answer to the cross-complaint, the Court in effect found that as matter of fact it was not true. The pleadings aver and the findings are in accord, that plaintiff knew of the claim of defendant to the improvements and fixtures in question at least as early as the fourth of October, 1879, and he did not get his deed to the tract sold until the sixth day of October, 1879, two days after such knowledge was had.

The mistake was sufficiently averred·and found, and it was also found that a fraudulent use was attempted to be made of the lease. To allow plaintiff to make use of this lease as he seeks in this action in violation of his express contract, "would 'be to uphold and sanction fraud and bad faith." (*Per* Belcher, J., in *Murray* v. *Dake,* 46 Cal. 650.)

The ruling of the Court below as to the special grounds of demurrer is correct. We see no error committed by the Court below.

Judgment affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.