[No. 11760.  In Bank. — December.10, 1888.]

## JAMES EVA, APPELLANT, *v.* DANIEL McMAHON ET AL., RESPONDENTS.

STIPULATED DAMAGES — BREACH OF CONTRACT FOR POSSESSION OF LAND. —
When actual damages can be readily fixed for breach of a contract, a
provision therein for stipulated damages is void. There is no difficulty
in fixing the actual damage sustained by breach of a contract to deliver
the possession of land; and if no actual damage is sustained from such
breach, no damages can be recovered, though stipulated for in the con-
tract.

USE AND OCCUPATION OF LAND — DAMAGES. — Ordinarily, the actual damage
which one sustains by being deprived of the use and occupation of land
is the value of the use and occupation of the land during the time he is
deprived of possession.

DEED — AGREEMENT FOR POSSESSION — DESCRIPTION OF LAND — REFORMA-
TION — MISTAKE. — When a deed contains an erroneous description of
the land sold and conveyed by metes and bounds so as to include land
which was known not to belong to the grantor, and which was inserted
with the distinct understanding that such description was not correct,
but was used for the mere convenience of the grantee, for the want of a
precise description of the true boundary line of the grantor's property;
and an agreement is made that the grantor may remain in possession of
the granted premises until a certain date, and shall then surrender pos-
session thereof to the grantee, or pay certain liquidated damages for
failure so to do, it being verbally understood between the parties that
the possession to be delivered only applied to such lands as the grantor
had title to in fee, and had sold and conveyed to the grantee, the grantor
is entitled to have such deed and agreement reformed so as to contain a
true description of the land actually sold, and it is no reason against
such reformation that the deed or agreement were not signed under any
mistake as to their terms or meaning.

REFORMATION OF CONTRACT — DEFENSE. — In order to constitute a defense to
    an action upon a contract upon which no recovery can be had, if it was
    properly reformed, it is not necessary that the reformation be in fact
    made. It is enough for the defendants to set up and establish facts en-
    titling them to the relief demanded. (WORKS, J., dissenting.)

APPEAL from a judgment of the Superior Court of
Contra Costa County.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

The covenant for damages comes directly under sec-
tion 1671, and not 1670, of the Civil Code, on its face,
and thus the adjudged cases hold. (2 Wait's Actions
and Defenses, p. 439, and cases cited; *Esmond* v. *Van
Benschoten*, 12 Barb. 366; *Bagley* v. *Peddie*, 16 N. Y. 475;
59 Am. Dec. 713; *Lange* v. *Werk*, 2 Ohio St. 535; *Streeter*
v. *Rush*, 25 Cal. 67; *Cushing* v. *Drew*, 97 Mass. 446; 3
Wait's Actions and Defenses, p. 161.)

*John R. Glascock*, for Respondents.

The provision for stipulated damages is void. (Civ.
Code, secs. 1670, 1671.) Appellant has not been in-
jured, and is entitled to no damages.

BELCHER, C. C. — On the fifteenth day of August, 1883,
the defendant sold and conveyed to the plaintiff a tract
of land in Contra Costa County, described as containing
about two hundred acres. On the same day, defendants
executed and delivered to plaintiff an agreement called
"Exhibit A," by which it was stipulated that they might
remain in possession of the premises until the first day
of October, 1883, and that if they should fail or neglect
to surrender to the plaintiff the possession of the de-
scribed premises on that day, then they would pay to
him all costs, charges, and expenses to which he might
be put to gain such possession, including a reasonable
attorney fee, and would also pay the further sum of two

hundred dollars per month for such time as plaintiff might be deprived of or prevented from gaining possession of the premises, by reason of any act or thing done, suffered, or committed by the defendants while in possession thereof.

The description in the deed included some twenty acres which the defendants did not own. On the day named, they surrendered the possession of all the land which they did own, and the plaintiff took and afterward retained the possession thereof.

This action was commenced in May, 1885, to recover the sum of $3,880,—being $200 per month from October 1, 1883,—as "liquidated damages thus far incurred on account of deprivation of possession of part of said premises, and $250 attorney's fee." The defendants answered, and by way of cross-complaint set up certain facts which entitled them, as they claimed, to have the deed and agreement reformed so as to contain a true and correct description of the property sold by them to the plaintiff. No demurrer or answer to the cross-complaint was filed by the plaintiff.

The case was tried by the court, and judgment rendered in favor of the defendants; but their prayer for reformation was denied, because, as was said, "they did not sign the deed or agreement under any mistake as to their terms or meaning." The plaintiff appealed from the judgment, and has brought the case here on the judgment roll.

The court found, among others, the following facts: In July, 1883, the defendants, being the owners in fee of a certain tract of land situated in the county of Contra Costa, and bounded on the north by the lands of one Blum, on the east by the lands of one Wagner, on the south by the lands of one Roland, and on the west by the lands of one Emmett, agreed to sell the same to plaintiff, he taking several days to examine the title thereof. During the time given plaintiff, in which he

examined the title, he and his attorney, J. C. Bates, were informed of the claim and title of Roland to that portion on the south embracing the creek, and also of the claim and title of Blum to the greater portion of that part on the north which is embraced in the diagram attached to the complaint and marked "Exhibit B," to wit, about twenty acres thereof, the same being a part of the La Bocha rancho, owned by said Blum, a survey of which had been recently made by the United States authorities, and that a portion of the said rancho, to the extent of from eight to ten acres, was within the exterior limits of the old fences which had been put on defendants' land many years prior thereto, and such portion was known to belong to Blum, of which plaintiff and his attorney had full notice.

On or about the 15th of August, 1883, plaintiff's attorney, in drawing the deed, followed the description by metes and bounds, which had been used by defendants' grantors long before the line of the La Bocha rancho was established, and before the purchase by Roland of the creek on the south; and upon defendants calling the attention of said attorney, who was acting for plaintiff in procuring said conveyance, to the fact that defendants did not own a portion of the land included within said boundaries on the north, and that they desired to sell only the lands to which they had title within said boundaries, plaintiff and his attorney, not having a precise description of the true boundary line on the north and the south, preferred to use and did use for their own convenience the old description used in the prior deeds, in order that the same might certainly embrace the lands to which defendants did have title, and which were intended to be sold by defendants and purchased by plaintiff.

The said deed and agreement were made and delivered with the full and distinct understanding that the description by the said metes and bounds was not a correct

description of the lands intended to be conveyed; and plaintiff in fact knew that a large portion included within said metes and bounds was not owned by defendants at the time of the conveyance. The deed and agreement, exhibit A, were made and were taken with the understanding by plaintiff and his agent that defendants could not and should not make title or give or procure possession to such portions as they had no title to.

At the time of the sale, defendants had a tenant in possession, whose lease did not expire until October 1, 1883, and plaintiff, being desirous that said tenant should leave promptly upon the expiration of his lease, and not put him to trouble, induced the defendants to sign exhibit A. It was not understood, agreed, or intended that said instrument should operate against defendants as a covenant of quiet and peaceable possession and enjoyment, but was distinctly understood between the parties that the possession of the premises to be delivered only applied to such lands as defendants had title to in fee, and had sold and conveyed to plaintiff, and to none other.

The land of Blum, shown on the diagram, exhibit B, was, during all the time for which damages were asked, unproductive and without value; and all that portion of it outside the old fence, containing about twenty acres, was never in the actual possession of defendants, nor claimed by them.

Plaintiff, at the time of the negotiations for the purchase of said lands, went upon the lands and viewed the same, and had actual knowledge of the location of the exterior fences, which were supposed to follow the lines described in the metes and bounds given in the deed; and while so viewing the premises, he was notified by the agent of defendants that the fence on the north was on the land of Blum.

Plaintiff had not been damaged in any sum whatever by reason of his failure to obtain possession of all the

lands described in exhibit A, or by reason of any act of defendants done or suffered by them, or either of them, while in possession of said lands, or at all.

From these facts the court found as a conclusion of law: "That from the nature of the case it was neither impracticable nor difficult to fix the actual damages which would arise from the failure of either of the parties interested to perform any of the terms or conditions of the contract on their part to be performed, and for that reason that part of the stipulation contained in exhibit A providing for damages for the breach of other provisions therein contained is void."

This conclusion is in accord with the provisions of sections 1670 and 1671 of the Civil Code, and if warranted by the facts, is decisive of the case. It is assailed by appellant, but we think it must be sustained. We see no difficulty in fixing the actual damages which one sustains by being deprived of the use of land to which he is entitled. Ordinarily the damage is the value of the use and occupation of the land for the time he is deprived of its possession. (Civ. Code, sec. 3334.) There are exceptions to this rule, provided for in other sections of the code, but they do not affect the result. Here the plaintiff had sustained no damage at all, and it would seem to violate all rules of honesty and fair dealing to allow him to take from the defendants the large sum claimed.

But however this may be, we think there is another ground on which the judgment may be sustained. Upon the facts found, the defendants were entitled to have the deed and agreement reformed so as to contain a true description of the land actually sold by them to the plaintiff, and the reason assigned for refusing the reformation was not sound. (*Murray* v. *Dake*, 46 Cal. 644; *Isenhoot* v. *Chamberlain*, 59 Cal. 630.) And it is clear that, if the descriptions of the land had been properly reformed, the plaintiff could not have recovered. But in order to con-

stitute a defense, it was not necessary that the reformation be in fact made. It was enough that the defendant set up and established facts which entitled them to the relief demanded. (*Hoppough* v. *Struble*, 60 N. Y. 430.)

We find no error in the record prejudicial to the appellant, and therefore advise that the judgment be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

WORKS, J., concurring.—I concur in the judgment and in the opinion, except so far as it announces the doctrine that the defendant could defeat the action by proving facts sufficient to show that the instrument sued on *ought* to be reformed, without such reformation being in fact made. As to the right to have the instrument reformed, the finding of the court below is against the defendant.

PATERSON, J., took no part in the decision of this case.

Rehearing denied.