Williams, C. J.
The plaintiff’s action was founded upon the written contract, and sought the recovery of a money judgment for the amount due thereon. From the inventory, which, by reference, became a part of the contract, it appears that the property sold by the firm of Swetland & Bryant to Joseph C. Swetland, after deducting ten per cent, from the invoice price, amounted to the sum of $15.839,74. . The contract contemplates that the whole of this amount might be required to pay the creditors of the firm, and it provides that the sum to be paid them shall not exceed that amount, which imports an obligation on the part of the purchaser to pay that amount to them if necessary to settle their claims. The contract also contemplates that it might not be necessary to use the whole purchase-price of the goods for that purpose, but that Joseph O. Swetland might, by compro *205 mises with the creditors, be able to take up their claims by the payment of less than the amounts actually owing them by the firm, in which event, a balance would remain in his hands, after the claims of all the creditors should be satisfied. This balance, the contract provides, shall be paid to the firm-; and the action of the plaintiff below was prosecuted to recover an alleged balance so arising. The petition, by proper aver,ments, shows that the claims of all the creditors of the firm of Swetland & Bryant have been satisfied and settled, and that the total amount paid by Joseph C. Swetland for that purpose, was $12,668.16, leaving a balance due the firm from him under the contract of $3,215.97.
The answer admits the execution of the contract by the parties, but denies "that Joseph C. Swetland paid no more than the amount alleged in the petition, in satisfaction of the claims of the creditors, and avers that he paid them the whole purchase-price of the property. The further answer, in substance, is, that it was part of the agreement between the parties, that Joseph C. Swetland should have the benefit of all the discounts he might be able to obtain from the creditors on th§ir claims against the firm, which stipulation, it is alleged, was by mistake, omitted from the written contract; and the answer accordingly prays for the reformation of the instrument, by correcting the alleged mistake. And it is alleged that if the contract should be so reformed there would be nothing due the firm. To this part of the answer the plaintiff replied, controverting its allegations, and pleading the statute of limitations in bar.
The court of common pleas found the issues for the plaintiff, and rendered judgment in his favor. This was an adjudication adverse to the defendant’s claim for the reformation of the instrument, from which he might properly appeal. The appeal, however, did not open up for re-trial in the appellate court, the legal issues determined in favor of the plaintiff by the court below. It operated only to suspend the enforcement of the judgment until the appeal should be determined. Buckner v. Mear, 26 Ohio St. 514. But the defendant prevailed in the circuit court, and, there obtained *206 a decree reforming the contract. If that decree is sustained, it defeats the judgment of the lower court and ends the controversy. If it should not be, the judgment of the court of common pleas will remain operative, and may be carried into execution. The record of that court is not brought before us. This proceeding brings in review only the judgment of the circuit court on the equitable case for the reformation of the contract, and presents no substantial ground for disturbing that judgment, unless the statute of limitations, as pleaded by the plaintiff, constitutes a bar to the defendant’s claim for the relief awarded him.
It is firmly settled in this state, that the statute of limitations applies to all civil actions, whether they be such as before the adoption of the code of civil procedure were called actions at law or suits in equity, except certain specified actions which the statute expressly exempts from its operation ; and there can be no doubt, that if the defendant had bjr a separate action sought the relief he obtained upon his answer, that action would be subject to the provisions of the statute prescribing the time within which eivil actions may be commenced. And the only question in this case is, whether the statute is applicable where that relief is sought by answer filed in an action brought to enforce the contract.
Counsel for the defendant contends, that since the only effect of the reformation of the instrument, as demanded, is to defeat the plaintiff’s action, the answer in this respect is but an equitable defense, against which the statute of limitations does not run; and in support of this position, 2 Pomeroy’s Eq,, p. 320, is cited, where, in a foot-note, it is said that “ whether affirmative relief be permitted or not, the omitted verbal portion of the entire agreement may be set up by way of defense in equity, when an attempt is made to enforce the written partalone.” The note refers to Murray v. Dake, 46 Cal. 644; Quinn v. Roath, 37 Conn. 16, and Jervis v. Berridge, L. R., 8 Ch. 351. We have examined these cases, and are of opinion they do not sustain the position taken by counsel. The California case was an action of ejectment by a lessee, to recover from the lessor, possession of part of *207 the premises described in the lease. The defendant claimed that by the agreement of the parties, the portion of the premises in his possession were to be excluded from the lease, and were included hy mutual mistake, and this fact being known at the time of the execution of the lease, it was signed as drawn, upon the agreement of the lessee that the premises he sought to recover should be considered as not included. The defendant prayed a reformation of the lease, and the question in the case was whether parol evidence of the verbal agreement was admissible. The court held that the rules of evidence do not “ exclude proof by parol testimony of fraud or mistake in the execution of a contract when a reformation of the instrument is sought; ” and, that such reformation might be had where a stipulation was omitted from the writing upon the agreement that it would he observed, and the party was endeavoring to enforce the written instrument, contrary to the stipulation so omitted. The case then, it was said, becomes one of fraud, which courts of equity will relieve against as in cases of fraud in the execution of a contract. The Connecticut case was for the specific performance of a contract to convey real estate. Upon the trial, respondent offered parol evidence to prove that at the time of the negotiation and execution of the contract, it was verbally agreed that if the petitioner failed to make a payment by a specified day, the contract should be void. The court, in holding the evidence admissible, say, that “ the admissibility of the particular species of evidence here offered is restricted to the defense of bills brought for a specific performance, and the courts, in admitting it to repel the attempt of a purchaser or seller of land to oblige the other party to the contract to perform his part specifically, have proceeded upon the just ground of inequitableness in the petitioner in striving to enforce the execution of a written contract with parol variations by regarding only the written provisions and entirely disregarding the verbal variations.” The case of Jervis v. Berridge, supra, is much to the same effect. Neither of the cases afford any aid in the solution of the question before us.
*208 The new matter set up in the answer of the defendant, upon which he asked to have the written contract sued on, reformed,, is .not, properly speaking, a defense. It constitutes an equitable counterclaim under the code, which is a cause of action in favor of the defendant against the plaintiff, between whom a several judgment may be had in the action, and upon which the defendant may, if it be successfully maintained, obtain the relief he would have been entitled to under the former practice on a bill in equity upon the same facts. Buckner v. Mear, supra. As was said in the opinion of the court in that case: “ For some purposes a counterclaim, .whether consisting of a legal or equitable cause of action, may be regarded as an action of itself. It is not simply new matter, operative only by way of defense. It must contain facts recognized by courts of law or equity as constituting an existing cause of action, which would have entitled the defendant to a judgment or decree in a separate action. Hill v. Butler, 6 Ohio St. 207.” In Kimmel v. Pratt, 40 Ohio St. 344, it is held that the “plaintiff against whom an answer demanding affirmative relief is filed, is a defendant to a cross petition.”
Under the provisions of the code, the court at any time before the final submission of the case, may, on motion of the defendant, allow a counterclaim to be withdrawn, and the 'same may become the subject of another action; and on motion of either party made at the time it is so withdrawn, an action on the same shall be docketed and proceeded in without process. Revised Statutes, section 5089. If the counterclaim be withdrawn and made the subject of another action, or docketed as a separate action, to be proceeded in without process, there can be no doubt, we apprehend, that the statute of limitations may be pleaded in bar of the action. When not so withdrawn, the two actions are tried together, as one action, in which each party becomes in turn a plaintiff and a defendant. The provisions of the code which permit this to be done, were designed to simplify the mode of procedure and prevent multiplicity of suits. It was not their purpose to abridge the operation of the statute of limitations, *209 or otherwise change the rules of law or equity governing the rights of the parties.
It is true, that if the defendant below succeeds in maintaining his counter claim, it operates to defeat the plaintiff’s action, and is, in that sense, a defense. But he must first establish his case for the reformation of the contract, before the defense can arise. Until reformed, the written instrument is the only evidence of the contract; and, except for the purpose of accomplishing its reformation, parol evidence is inadmissible to show that the agreement was different from that therein expressed. And unless the contract be reformed, the plaintiff is entitled to recover upon it. Judgment reforming the contract, is, therefore, necessary to create the defense; and it would seem that the plaintiff should be allowed to interpose any legal objection he may have to the granting of such affirmative judgment, and the bar of the statute of limitations is, we think, open to him for that purpose. The same reasons exist for the application of the statute, where the reformation of a written instrument is sought by way of counterclaim, as do when made the subject of a separate action.
An action to reform a written instrument on the ground of mistake, comes, we think, within the class provided for by section 4985, of the Revised Statutes, which limits the time within which the same may be commenced, to ten years after the cause of action accrues ; and the statute, we hold, may be set up in bar, as vYell, when such reformation is sought by answer in an action brought to enforce the instrument.
The cause of action accrues, in such cases, upon the execution of the instrument, and the time when the statute begins to run is not postponed to the discovery of the mistake, as it is to the discovery of the fraud, in actions for relief on that ground.
The statute of limitations, it is well settled, is applicable to a set-off; the general rule being, that “if a defendant pleads a set-off, the plaintiff may reply the statute.” Wood on Limitations, p. 601; Russell on Limitations, sec. 141. *210 This is recognized as the rule in McEwing v. James, 36 Ohio St. 152. But it is there held, that the statute “ ceases to run •against the set-off from the date of the commencement of the action in which it is pleaded.” We see no reason why the principle of that decision should not apply to a counterclaim. But it does not aid the defendant, for it is shown, by the facts found by the circuit court, that the defendant’s cause of action for the reformation of the contract, accrued more than ten years before commencement of the plaintiff’s action.
The judgment of the circuit court is reversed, and the counter claim dismissed. And, as this disposes of the case appealed to that court, the cause will be remanded to the court of common pleas for the execution óf its judgment.

Judgment accordingly.