THE METROPOLITAN LIFE INSURANCE COMPANY, PROSE-CUTOR, v. MARGARET McGRATH

When a life insurance policy has become void through a failure to pay the stipulated premiums, and the policy provides that agents are not authorized to make, alter or discharge contracts or waive forfeitures, or to receive premiums in arrears, except upon a written application in prescribed form for a revival, which must be acted on by the company itself, it is error for the court to refuse to charge the jury, that a collecting agent had no power to waive the forfeiture, or to bind the company by receipt of the premiums in arrear without any application for revival, and for the court to charge, that payment by the assured, and receipt by the agent, of the premiums in arrear, for the purpose of revival, would warrant a recovery on the lapsed policy, there being no evidence that the agent actually possessed, or ever before attempted to exercise, the power to waive a forfeiture or revive a lapsed policy.

---

On *certiorari* to the Hudson Pleas.

Argued at November Term, 1889, before Justices KNAPP and DIXON.

For the prosecutor, *J. A. Beecher*.

For the defendant, *J. Chapman*.

The opinion of the court was delivered by

KNAPP, J.   This was an action upon a policy of life insurance, brought in the District Court of Jersey City, whose judgment in favor of the plaintiff was affirmed by the Hudson Common Pleas, and is now before us on *certiorari.*

The policy required the premiums to be paid every week, and provided that, if the payment of the weekly premiums should be in arrears more than four weeks, the policy should thereupon become void, and that agents were not authorized to make, alter or discharge contracts or waive forfeitures, or receive premiums on policies in arrears after the time allowed by the regulations of the company.   One of the company's regulations was as follows : " Policies in arrears more than four weeks become lapsed, and agents are expressly prohibited from collecting, or members from paying, thereon, except as follows : A written application may be made for the revival of the policy upon a form provided by the company, and a special revival receipt will then be given by the agent who collects the premiums in arrears ; but in no case are such premiums to be entered in the premium receipt book until after the revival application has been officially accepted by the company, and it will be invalid unless, at the time of the official revival of the policy at the home office in New York, the assured is alive and in sound health."

The policy was issued June 2d, 1884, and the weekly premiums were paid up to January 11th, 1886 ; the premiums thereafter accruing remained in arrear until February 23d, 1887, when the company's collector, Ellacott, received $5.90, the amount of the back premiums, from one Mrs. Wedell, caused the assured, Francis McGrath, to sign an application for a new policy, and told Mrs. Wedell and McGrath that, if the company did not accept the money, he would return it. Afterwards the collector told Mrs. Wedell that the company had accepted it and it was all right, and handed her the new policy, but she refused to take it.   A receipt for the back premiums from January 11th, 1886, to March 21st, 1887, appears in McGrath's premium receipt book, signed by the

same collector, under date of March 14th, 1887. McGrath died March 20th, 1887.

Upon the foregoing facts the defendant requested the court to charge the jury, that Ellacott had no power to waive the forfeiture, or bind the company by receipt of the premiums in arrear, but the court refused to do so, and, on the contrary, charged that, if the premiums were paid on the policy in suit for the purpose of reviving the policy, and were so received by Ellacott for the company, and, therefore, entered in the plaintiff's book as a revival, the plaintiff should recover the amount of the policy.

To the refusal and to the charge the defendant excepted.

Clearly the court was in error.

The contract provided that the collector should have no power to waive the forfeiture occasioned by the failure to pay premiums, or to revive the policy. Every witness who testified upon the point denied that he possessed such authority, and there was no evidence that he had ever attempted to exercise it, and his entry of the receipt for back premiums in the premium receipt book was expressly forbidden by the regulations of the company, by which the assured had agreed to be bound. Hence, there was neither actual authority, nor any appearance of authority acquiesced in by the company, to enable Ellacott to revive the lapsed policy. *Catoir* v. *American Life Insurance and Trust Company*, 4 *Vroom* 487.

Ellacott's statement to Mrs. Wedell, that the company had accepted the $5.90, and it was all right, accompanying the tender of the new policy, plainly had no reference to a revival of the old policy, and there is not the slightest evidence that the subject of such a revival was ever broached to or considered by the company.

No ground for a recovery upon the old policy was substantiated at the trial, and for the errors above mentioned the judgment should be reversed, and a *venire de novo* awarded. Under the statute no costs are allowed.