[S. F. No. 3699.   Department Two.—September 21, 1904.]

## HANNAH CAYFORD, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE—CONDITIONS IN POLICY—FORFEITURE FOR NON-PAYMENT OF PREMIUM—INAPPLICABLE CONCESSION.—Where conditions made part of a policy of life insurance provided for a forfeiture for non-payment of any premium or installment thereof when due, and conceded that a grace of one month should be allowed in the payment of the second annual or any subsequent premium due on the policy, and payment of the first semi-annual installment was ac-

---

[1] 87 Am. Dec. 81.

knowledged in the policy, the policy was forfeited for non-payment of the second installment of the first annual premium when due, though the insured died fifteen days thereafter. The concession of one month's grace was not applicable to any part of the first year's premium.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion.

Page, McCutchen & Knight, for Appellant.

Although forfeitures are not favored, yet the court will give effect to the plain express terms of the contract, and will not violate the rules of language to avoid a forfeiture. (*Bunholzer* v. *New York Life Ins. Co.,* 178 U. S. 402; *Conway* v. *Phœnix Mutual Life Ins. Co.,* 140 N. Y. 79; *Behling* v. *Northwestern Mutual Life Ins. Co.,* 117 Wis. 24; 32 (N. S. 12) Ins. L. J. 433; *New York Life Ins. Co.* v. *Statham,* 93 U. S. 24.)

Van Ness & Redman, for Respondent.

Forfeitures are not favored in law, and where the meaning of a policy provision is at all doubtful, it should be resolved in favor of the insured. (*Metropolitan Life Ins. Co.* v. *Drach,* 101 Pa. St. 278; *Rankin* v. *Amazon Ins. Co.,* 89 Cal. 203, 209;[1] *Northey* v. *Bankers' Life Assn.,* 110 Cal. 547; *Laidlaw* v. *Mayre,* 133 Cal. 170, 179; *United States Life Ins. Co.* v. *Ross,* 57 Ill. App. 98; *Reynolds* v. *Commerce etc. Ins. Co.,* 47 N. Y. 597; *Mutual Insurance Companies* v. *Wright,* 1 Wall. 465; *Piedmont etc. Ins. Co.* v. *Young,* 58 Ala. 476;[2] *Atlantic Ins. Co.* v. *Manning,* 3 Colo. 224; *Allen* v. *St. Louis Ins. Co.,* 85 N. Y. 473; *Canton Ins. Co.* v. *Woodside,* 90 Fed. 301; *Palatine Ins. Co.* v. *Ewing,* 92 Fed. 111; *Commercial Travelers etc. Assn.* v. *Fulton,* 79 Fed. 423; *Tebbetts* v. *Mercantile etc. Co.,* 73 Fed. 95; *United States Mutual Assn.* v. *Newman,* 84 Va. 52; *Sun Fire Office* v. *Fraser,* 5 Kan. App. 63; *Massachusetts etc. Assn.* v. *Robinson,* 104 Ga. 256; *McNamara* v. *Dakota etc. Ins. Co.,* 47 N. W. Rep. 288; *Northwestern Mutual Life Ins. Co.* v. *Hazlett,* 105 Ind. 212.[3]) The

[1] 23 Am. St. Rep. 490.     [3] 55 Am. Rep. 102.
[2] 29 Am. Rep. 770, and note.

words "any subsequent premium due on this policy," in the grace clause, should be construed as referring to any premium other than that acknowledged in the policy, as against a for-feiture of the policy. It is not a rule of law that a reference of words cannot be had to an earlier antecedent. (2 Parsons on Contracts, 6th ed., *513; *Hancock* v. *Watson,* 18 Cal. 138; *Morey* v. *Homan,* 10 Vt. 565; *Barine* v. *Christie,* 5 East, 398.)

SMITH, C.—Judgment was entered for the plaintiff on demurrer to the complaint. The suit was brought on a policy of insurance executed by the defendant to plaintiff's husband, of date March 20, 1902. The policy was made payable to the plaintiff, if living at the time of his death; otherwise, to the legal representative of the insured. The payment of the first "semi-annual premium" is acknowledged in the policy. The second semi-annual installment—which by the terms of the contract became due September 20th of the same year—was not paid; and the insured died fifteen days thereafter. The terms of the policy, so far as material, are as follows:—

[The] "Metropolitan Life Insurance Company, . . . in consideration of the semi-annual premium of thirty dollars and ten cents, on or before the delivery of this policy, and of a like amount on or before the twentieth day of March and September in each and every year during the continuance of this policy, not to exceed twenty years, doth hereby agree, in the event of the death of the said insured within twenty years from the date hereof, subject to the conditions set forth on the reverse side hereof, each and all of which are hereby made a part of this contract, and are contracted by the insurer and assured to be part thereof as fully as if herein recited, to pay at its home office, in the city of New York, the sum of one thousand dollars to Hannah Cayford, wife of the insured," etc.

"*Conditions referred to on the face of this policy as part of this contract* . . .

"Third—If . . . any premium or installment of premium be not paid when due, this policy shall be void and all pre-miums paid shall be forfeited to the company, except as pro-vided below.

"Fifth— . . . All premiums are considered payable yearly in advance, but when paid in semi-annual or quarterly install-

ments, that part, if any, which remains unpaid at the maturity of the policy shall be deducted; but this provision does not affect the provisions of the third paragraph respecting forfeiture for non-payment of installment of premium.

"*Concessions:* . . . Fourth—A grace of one month will be allowed in the payment of the second annual or any subsequent premium due on this policy, subject to an interest charge at the rate of five per cent per annum for the number of days during which the premium remains due and unpaid. The policy will remain in force during the month of grace, and the unpaid premium, with interest as above, will be deducted from the amount payable hereunder in the event of the death of the insured during the grace period."

In view of the express provisions of the contract, the judgment, we think, was unwarranted. By the express terms of the third condition, the policy became void, and the premium paid was forfeited, upon the failure of the insured to pay the second semi-annual premium when it became due. (Joyce on Insurance, sec. 1108; *Methvin* v. *Fidelity Mutual Life Ins. Co.*, 129 Cal. 251.) Nor is the case in any way affected by the provision of the policy conceding "a grace of one month . . . in the payment of the second annual, or any subsequent premium due on the policy." This provision is explained by the provision in the fifth condition of the policy, that "all premiums are considered payable yearly in advance"; which clearly defines the terms, "the second annual," and "any subsequent premiums." Obviously, the provision applies only to the second annual payment (one at the beginning of the second year), and to premiums subsequent thereto.

We advise that the judgment appealed from be reversed and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.    McFarland, J., Henshaw, J., Lorigan, J.