[S. F. No. 2973. Department One.—November 10, 1904.]

## SARAH BLUNT, Appellant, v. THE FIDELITY AND AND CASUALTY COMPANY, Respondent.

INSURANCE—ACCIDENT POLICY—CONDITION FOR RETURN OF PREMIUM—
    FATAL INJURY TO INSURED WHILE INSANE.—Under a policy of accident insurance, providing that if the death of the insured shall result from an injury within ninety days from the time the injury was received the company would pay the whole amount insured to the surviving wife, but containing a condition that only the amount of the premium paid should be returned if an "injury was received by him while insane," the company is only liable for a return of premium, where the assured, while insane and confined in the Mendocino State Hospital, fell against a steam radiator and received injuries from which he died within ninety days.

ID.—CONDITIONS IN POLICY—ASSENT OF ASSURED.—The company may insert conditions in the policy not mentioned in the application. If not satisfactory, the contract, consisting of the application and policy, may be rescinded; but where the policy containing new conditions is accepted without objection, and renewed, the conditions

must be deemed assented to, and the policy cannot afterwards be avoided by the assured or the beneficiary.

ID.—CONSTRUCTION OF POLICY.—The court in construing an insurance policy resolves every ambiguity and uncertainty in favor of the assured; but where the words are clear and free from uncertainty, and the meaning plain, the contract as made by the parties is beyond the power of the court to change by a forced construction.

ID.—PURPOSED OMISSION OF WORD "INTENTIONALLY" IN CLAUSE AS TO INSANITY.—The condition in the policy providing that "in case of injuries fatal or otherwise *intentionally* inflicted upon himself by the assured, or inflicted upon himself or received by him *while insane,* the measure of the company's liability shall be a sum equal to the premium paid," the word "intentionally" expressed in the first clause must be deemed to have been purposely omitted from the second clause. The policy makes the insane condition, and not the volition of the assured, the test of non-liability under the second clause, except for the premium paid.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

H. V. Moorehouse, and J. E. Alexander, for Appellant.

A. E. Shaw, for Respondent.

SHAW, J.—The plaintiff appeals from the judgment. The suit is upon a policy of insurance, of the kind usually designated as an accident policy, issued by the defendant to John P. Blunt for the term of twelve months. It provided that if death should result from an injury within ninety days from the time the injury was received, the defendant would pay to the wife of the insured, if she survived him, the sum of five thousand dollars. The fourth clause of the policy was as follows: "4. In case of injuries fatal or otherwise intentionally inflicted upon himself by the assured; or inflicted upon himself or received by him while insane, the measure of this company's liability shall be a sum equal to the premium paid, the same being agreed upon as in full liquidation of all claims under this policy." At the end of twelve months the policy was renewed for the same period, and at the end of that time it was again renewed. During the last year of the insurance John P. Blunt became insane and was committed to the Mendocino State Hospital. During the term of insurance, and

while insane, he fell against a steam radiator in the hospital and thereby received injuries from which, within ninety days thereafter, he died. The plaintiff is the surviving wife of the assured. Before the action was begun the defendant tendered her the full amount of the premium paid, and in its answer it offered to allow judgment for that sum in favor of the plaintiff. The court found these facts, and gave judgment in favor of the plaintiff for the sum tendered and against the plaintiff in favor of the defendant for its costs.

In contracts of insurance, as in other contracts, the rights of the parties are determined from the terms of the contract, so far as it is lawful. The contract here in question consisted of the application for insurance made and delivered by the assured to the defendant and the policy of insurance made and delivered by the defendant to the assured. It cannot be conceded that the company was not at liberty to insert conditions in the policy which were not mentioned in the application. The application contained the affirmative stipulations and warranties made by the assured, and the policy contained the stipulations and limitations made by the insurer. The two together constitute the contract. If the policy of the company, which was issued by the company upon receipt and approval of the application, had contained any clause to which the assured did not agree, he, of course, would have been at liberty to reject it, and either demand a rescission and return of the premium paid, or insist upon a policy without the clause to which he did not assent. But when he received the policy and accepted it without objection, and especially when, as the record here shows, with the policy in his possession, he twice renewed it for an additional year, neither he nor the beneficiary can with good reason claim that there is anything contained in it to which he did not fully consent and agree. The fourth clause above quoted is not unlawful, and it cannot be eliminated on the ground that it is not expressly referred to in the application.

The effect of this clause is, that the defendant did not agree to insure the policyholder against injuries from accidents received by him during such part of the time covered thereby as the assured should be insane, except to the amount of the premium paid, and this regardless of the question whether the injuries were inflicted by himself, intentionally

or otherwise, or were received by him from some other cause.

Insurance during such insanity, except to that extent, was simply not a part of the contract, and the agreement in that contingency was, that the company should be liable only for a sum equal to the premium paid. Language could not express this idea more clearly than it is expressed in the policy. The courts have always construed in favor of the assured every ambiguity and uncertainty in contracts of insurance. But where the words are clear and free from uncertainty and the meaning plain, the contract as made by the parties is beyond the power of the courts to change by a forced construction. There was good reason for the insertion of the clause. A sane man will naturally and instinctively protect himself from injury, while if insane he might unconsciously expose himself thereto. It is to be presumed that in fixing the amount to be paid as a premium the company took into consideration its proposed exemption from full liability during such insanity, if it should occur, and reduced the premium accordingly. The assured received the benefit of this clause in the reduced amount of the premium, and hence the contract cannot be deemed inequitable or unfair.

The appellant contends that the fourth clause should be construed by interpolating the word "intentionally" a second time, making it read thus: "In case of injuries fatal or otherwise intentionally inflicted upon himself by the assured; or *intentionally* inflicted upon himself or received by him while insane," etc. It is obvious that this would be an unfair and forced construction. The natural inference from the context is, that the element of intent was designedly omitted with respect to injuries happening to him while insane; so that in case of injury while he was insane, either consciously or unconsciously inflicted by himself, or received by him while in that condition, whether by reason of his consequent inability to avoid injury or from causes entirely apart from his insanity, the company should be liable only to the amount of the premium. The language used seems well adapted to convey this meaning, and it is apparent that the word "intentionally" was purposely omitted from the second clause in order to avoid any question on that point.

The cases holding that a provision exempting an insurance

company from liability if the assured shall commit suicide while insane does not give exemption where the suicide is the result of the insanity go upon the theory that the use of the term "suicide," or other similar description of the mode of death, implies a conscious and voluntary self-destruction, and not an act impelled by the insane delusion, and, in that sense, involuntary. They do not apply to this policy, which makes the insane condition, and not the volition of the assured, the test of non-liability.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.