[Civ. No. 272. First Appellate District.—June 13, 1907.]

## HANNAH CAYFORD, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE—UNPAID PREMIUM—FORFEITURE OF POLICY—LIMITA-
TION OF AUTHORITY TO WAIVE—KNOWLEDGE OF ASSURED.—Where
a policy of life insurance provided that the failure to pay any
premium when due would render the policy void, and that none
of its terms can be varied or modified, nor any forfeiture waived, or
premiums in arrears received, except by agreement in writing, signed
by either the president, vice-president, secretary, or actuary, whose
authority for this purpose will not be delegated, and that no other
person has or will be given such authority, such limitation of au-
thority is valid, and the assured is chargeable with knowledge of its
terms.

ID.—DELIVERY OF RECEIPT TO LOCAL SOLICITOR—UNAUTHORIZED EXTEN-
SION OF TIME.—The delivery of a receipt to a local solicitor to collect
the premium when due confers upon him no power to extend the
time for payment of the premium when due, or to waive a forfeiture
resulting from nonpayment thereof when due.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Thomas F. Graham,
Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Appellant.

The assured is conclusively presumed to know the terms of
his policy. (*Westerfeld* v. *New York Life Ins. Co.*, 129 Cal.
68, 77, 58 Pac. 92, 61 Pac. 667; *Quinlan* v. *Providence-Wash-
ington Ins. Co.*, 133 N. Y. 356, 28 Am. St. Rep. 645, 31 N.
E. 31; *Cleaver* v. *Traders' Co.*, 65 Mich. 527, 8 Am. St. Rep.
908, 32 N. W. 660; *Burlington Ins. Co.* v. *Gibbons*, 43 Kan.
15, 19 Am. St. Rep. 118, 20 Pac. 1010; *Modern Woodmen* v.
*Tevis*, 117 Fed. 369, 54 C. C. A. 293.) The limitation of
power to waive forfeitures contained in the policy is valid.
(*Shuggart* v. *Lycoming Fire Ins. Co.*, 55 Cal. 408; *Enos* v.
*Sun Ins. Co.*, 67 Cal. 621, 8 Pac. 379; *Westerfeld* v. *New
York Life Ins. Co.*, 129 Cal. 68, 77, 58 Pac. 92, 61 Pac. 667;
*Weidert* v. *State Ins. Co.*, 19 Or. 261, 20 Am. St. Rep. 814,

24 Pac. 242; *Porter* v. *United States Life Ins. Co.*, 160 Mass. 183, 35 N. E. 678; *Carlson* v. *Metropolitan Life Ins. Co.*, 172 Mass. 142, 51 N. E. 525.) Authority merely to a local solicitor to collect premiums does not imply authority to extend time for payment of premiums, or to waive a forfeiture resulting from nonpayment. (*Byron* v. *National Life Ins. Assn.*, 21 R. I. 149, 42 Atl. 513; *Mutual Life Ins. Co.* v. *Abbey*, 76 Ark. 328, 88 S. W. 950; *Metropolitan Life Ins. Co.* v. *McGrath*, 58 N. J. L. 358, 19 Atl. 386; *Iowa Life Ins. Co.* v. *Lewis*, 187 U. S. 335, 23 Sup. Ct. Rep. 126, 47 L. ed. 204; *Fidelity Mut. Life Assn.* v. *Bussell*, 75 Ark. 25, 86 S. W. 814, 816; *Nixon* v. *Travelers' Ins. Co.*, 25 Wash. 258, 65 Pac. 195, 196; *Collins* v. *Metropolitan Life Ins. Co.*, 32 Mont. 329, 108 Am. St. Rep. 578, 80 Pac. 609, 1092.)

L. A. Redman, for Respondent.

The general authority to the agent to collect the premiums to whom the receipt was committed for collection implied an authority to extend the time for payment, and to waive a forfeiture for failure to make prompt payment. (*Knarston* v. *Manhattan etc. Ins. Co.*, 124 Cal. 74, 56 Pac. 773; S. C., 140 Cal. 57, 73 Pac. 740; *Menk* v. *Home Ins. Co.*, 76 Cal. 50, 53, 9 Am. St. Rep. 158, 14 Pac. 837, 18 Pac. 117; *Hanley* v. *Life Association*, 4 Mo. App. 253.)

KERRIGAN, J.—This is an action brought to recover upon a policy of life insurance. The jury returned a verdict for the plaintiff; upon which judgment was entered. The defendant's motion for a new trial was denied, and from the judgment and order denying its motion for a new trial the defendant prosecutes this appeal.

This case has once been before the supreme court upon an appeal taken from an order sustaining a demurrer. (*Cayford* v. *Metropolitan Life Ins. Co.*, 144 Cal. 763, [78 Pac. 258].)

The policy in question was issued on the life of Richard N. Cayford, plaintiff's husband, payable to plaintiff as beneficiary. It was issued March 20, 1902, and called for the payment of a semi-annual premium on the 20th of March and September in each year. The policy provided that the failure to pay any premium when due would render the policy void.

The second semi-annual premium fell due September 20, 1902, and was not paid. On October 5, 1902, the insured died. The testimony disclosed that J. N. Pittman had solicited the insurance, and had collected the first premium. On the 18th of September, two days before the second premium fell due, he called to collect this premium. Mrs. Cayford told him that they were not prepared to pay it. Pittman said that that would be all right; that he would call again on October 4th. On that day he accordingly called and saw Mrs. Cayford. She said she did not then have all the money, and asked him to call later in the afternoon, when she expected to have it, but he replied that he would call again on the 8th of the month. On the 5th of October the insured died. Pittman had with him on his visits of September 18th and October 4th the company's premium receipt for the second annual premium, executed as therein required by both the secretary of the company and its superintendent.

One of the provisions of the policy declares: "The contract between the parties hereto is completely set forth in this policy and the application therefor taken together, and none of its terms can be varied or modified, nor any forfeiture waived or premiums in arrears received except by agreement in writing signed by either the president, vice-president, secretary or actuary, whose authority for this purpose will not be delegated; no other person has or will be given any authority."

Respondent claims that the events just narrated bring this case within the doctrine laid down in the case of *Knarston v. Manhattan Life Ins. Co.*, 124 Cal. 74, [56 Pac. 773]; 140 Cal. 57, [73 Pac. 740]. In that case a certain premium became due November 15, 1895. On that day and the next day the general manager of the company sent its collector to the insured to collect the premium. It was not paid. Through the efforts of one Gilmore, representing Knarston, the insured, two extensions of time within which to make payment were granted by the general manager. Within the extended time Knarston was killed in a railroad accident. The policy contained the usual forfeiture clause. The supreme court, in the two appeals in that case, held that an attempt *by the company* to collect a premium after default is a waiver of the forfeiture which might have otherwise been claimed; that where the insured died while the company was still trying

to collect the premium the policy would be treated as still in force. The decision turned expressly on the fact that the waiver was the act of a general agent of the insurance company, and that the insured had no notice of any limitation on his authority.

There is no doubt that this case, as claimed by the respondent, would be within the doctrine of the Knarston case if the acts of Pittman were the acts of the company. Counsel for the respondent argues that the possession of the receipt after its due date by Pittman, the collector of the company, implied the power to deliver it after that date; that there appeared on the face of the receipt no limitation of its validity if delivered after the due date of the premium; that .accordingly, if it had been in fact delivered by Pittman, though after .the due date, his act would have been the act of the company, and the forfeiture would have been waived. We cannot agree with this view. Mrs. Cayford did not know that Pittman had the premium receipt, and she knew nothing of its contents. No knowledge of the extensions of time to pay the premium, granted by Pittman to the insured, was brought home to the company. The limitation, in the conditions of the policy, on the authority of subordinate agents to waive forfeitures or collect overdue premiums is valid. (*Shuggart* v. *Lycoming Fire Ins. Co.,* 55 Cal. 408; *Enos* v. *Sun Ins. Co.,* 67 Cal. 621, [8 Pac. 379] ; *Westerfeld* v. *New York Life Ins. Co.,* 129 Cal. 68, 77, [58 Pac. 92, 61 Pac. 667].) The assured knew of this provision, or, what is the same thing, is charged with knowledge of it. (*Westerfeld* v. *New York Life Ins. Co.,* 129 Cal. 68, 77, [58 Pac. 92, 61 Pac. 667].) Under the circumstances of this case it cannot be held that the company waived the forfeiture caused by the failure to pay the premium when due. Authority to collect premiums does not imply authority to extend the time for the payment of such premiums, or to waive a forfeiture resulting from nonpayment. (*Byron* v. *National Life Ins. Assn.,* 21 R. I. 149, [42 Atl. 513] ; *Mutual Life Ins. Co.* v. *Abbey,* 76 Ark. 328, [88 S. W. 950] ; *Metropolitan Life Ins. Co.* v. *McGrath,* 58 N. J. L. 358, [19 Atl. 386].)

In the case of *Iowa Life Ins. Co.* v. *Lewis,* 187 U. S. 335, [23 Sup. Ct. Rep. 126], the policy contained a clause similar to the one referred to in the policy in this case, restricting the power of the agents of the company in the matter of

waiving forfeitures. In that case it was claimed that, conceding the validity of such a clause, the clause itself had nevertheless been waived by the company. A premium note had been placed in the hands of an agent for collection. He had extended the time for its payment, and it was allowed to remain in his hands after maturity. It was held, nevertheless, that his act was unauthorized, and that the company was not estopped from relying on the forfeiture.

In the case of *Bank of Commerce* v. *New York Life Ins. Co.,* 125 Ga. 552, [54 S. E. 643], it was held that the acceptance of money by a collecting agent upon an overdue premium note did not bind the company as a waiver of the forfeiture resulting from nonpayment of the note at maturity.

The following cases tend more or less to support the conclusion we have reached in this case: *Collins* v. *Metropolitan Life Ins. Co.,* 32 Mont. 329, [108 Am. St. Rep. 578, 80 Pac. 609, 1092]; *Fidelity Mut. Life Assn.* v. *Bussell,* 75 Ark. 25, [86 S. W. 814].

The judgment and order are reversed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1907.