[S. F. No. 6495. In Bank.—January 16, 1914.]

## THOMAS L. SHARMAN, Respondent, v. CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK (a Corporation), Appellant.

FIRE INSURANCE—SOLE AND UNCONDITIONAL OWNERSHIP—INTEREST OF VENDOR.—One who has entered into, though not recorded, an agreement to convey property, received installments of the purchase price, and placed the vendee in possession, is not the sole and unconditional owner of the property within the meaning of a provision in a policy of insurance thereon that the policy shall be void "if the interest of the assured be other than unconditional and sole ownership."

ID.—CONDITION IN POLICY—WAIVER BY SOLICITING AGENT.—An agent whose duties are confined merely to soliciting fire insurance cannot waive a condition in a policy that the policy shall be void if the ownership of the insured is not sole and unconditional.

ID.—GENERAL INSURANCE AGENTS—AUTHORITY TO WAIVE CONDITIONS.— It is ordinarily only those agents of an insurance company who are empowered to issue and deliver policies who may be regarded as having the power to waive conditions; they are the general agents of the company and vested with full authority to consummate the contract of insurance, and are deemed, as such representatives, to have the same power to waive conditions as the companies themselves.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

James W. Cochrane, Myrick & Deering, and James Walter Scott, *Amici Curiae,* for Appellant.

Charles Tupper King, for Respondent.

LORIGAN, J.—This action was brought to recover one thousand five hundred dollars on a fire insurance policy. Plaintiff had judgment and defendant appealed therefrom on the judgment-roll and a bill of exceptions.

The district court of appeal for the first appellate district affirmed the judgment and a further hearing was granted by this court.

The execution and delivery of the policy on August 11, 1908, and the destruction of the insured building on April 3, 1909, were facts not disputed. It was further admitted that a written and signed application by plaintiff for the insurance in question stated, among other things, that plaintiff was the sole and unconditional owner of the property insured at the time the application for insurance thereon was made. The policy of insurance was in the ordinary form and contained the covenants and conditions usually found in fire insurance policies. Among other stipulations and conditions was one that "this entire policy shall be void (a) if the interest of the assured in the property be not truly stated herein . . . or (b) if the interest of the assured be other than unconditional and sole ownership." It contained also the further provision that:

"This policy is made and accepted subject to the foregoing stipulations and conditions, printed on this and the following pages, which are hereby made a part of this contract, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of the company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such

provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.''

The main defense asserted and relied on by defendant was that plaintiff had not truly stated his interest in the property in his application for insurance; that he was not then nor at the time of the fire, the sole and unconditional owner of the insured property. It introduced evidence upon the trial in support of this defense and therefrom the trial court made findings that on April 30, 1908 (several months prior to the application for the issuance of the policy), plaintiff and one R. S. Cochran made and entered into a contract in writing by which plaintiff agreed to sell and Cochran to buy the property described in the policy of insurance for two thousand dollars of which one hundred dollars was to be paid down, the balance in installments of fifty dollars a month, with interest; that in pursuance of said contract Cochran on July 15, 1908, went into possession of the property insured and continued in possession thereof until it was destroyed by fire. From other evidence addressed to this matter the court further found that the said contract of sale between plaintiff and Cochran was never recorded; that the record title of the property stood at all times in plaintiff and that Cochran after paying the first one hundred dollars and two installments of fifty dollars had not made any further payments on account of such contract of sale.

The court further found that said insurance was solicited and procured from plaintiff for defendant by one Wade, a soliciting agent of the defendant; that he drafted and prepared the agreement between plaintiff and Cochran; that subsequently he prepared and drafted and delivered to defendant the written application for insurance signed by plaintiff which contained the statement that plaintiff was then the sole and unconditional owner of the property; that in preparing and drafting said application signed by plaintiff Wade advised and assured the latter that it was proper and correct for said application to so state that the plaintiff was the sole and unconditional owner of said property.

The trial court on these findings concluded as a matter of law that at the time plaintiff made his application for insurance and the policy was issued to him and at the date of the destruction of the property by fire he was the sole and unconditional owner of said property; that Cochran never acquired any right, title, or interest in said property or any insurable interest whatever; that defendant was not prejudiced by the statement in the application of the plaintiff that he was the sole and unconditional owner of the property or by the failure to or the omission therefrom of any reference to the agreement between plaintiff and Cochran; that if said omission constituted a breach of the insurance contract it was waived by defendant; that Wade when he prepared the application for insurance signed by plaintiff, and delivered it to the defendant, and when the policy so issued by defendant thereon was delivered to him was the agent of the defendant acting as such within the scope of his apparent authority; that the representations made by Wade to plaintiff in connection with said insurance were and constituted in law the representations of defendant and binding upon it notwithstanding the limitations of said agent's authority contained in said policy of insurance of which plaintiff had no notice.

The appellant not only attacks these findings of fact as not sustained by the evidence, but further insists that if they are so sustained, still the conclusions of law which the court drew from them and the judgment which it entered thereon were erroneous.

These points made by appellant were considered and disposed of in its opinion by the district court of appeal when this matter was before it. While we do not agree entirely with the conclusion of the district court on the several points involved in this appeal, we agree with it that the trial court was in error in holding from the findings made by it on that matter that plaintiff was as a matter of law the sole and unconditional owner of the insured property when he made his application therefor and obtained the policy of insurance.

In considering and sustaining the claim of the appellant on this point the court said:

"The findings of the trial court with reference to the execution and existence of the contract of sale between plaintiff

and Cochran coupled with the further finding that Cochran
had partially performed his contract, had actually entered
into the possession of the property prior to plaintiff's ap-
plication for insurance, are as a matter of law inconsistent
with the conclusion that plaintiff was the sole and uncondi-
tional owner of the property at the time he made application
for the insurance and at the time of the fire. The findings
of the trial court upon this phase of the case do not warrant
or support the conclusion of law deduced therefrom that
Cochran had no insurable interest at any time in the insured
property. . . . The admitted execution of the contract of sale
between plaintiff and Cochran coupled with the partial pay-
ment of the purchase price and actual possession by Cochran
of the property sold, constituted a subsisting and valid con-
tract of purchase and sale as between the parties thereto,
notwithstanding the fact that the contract had not been re-
corded, or that Cochran had not completed his payments
thereunder. Cochran, as the vendee in possesssion under a
valid and subsisting contract of purchase and sale, might,
upon tender and completion of the payments due from him,
have specifically enforced the contract; and therefore at the
time of plaintiff's application for insurance and at the time
of the fire Cochran was the owner and holder of an equitable
title in the insured property. (*Finkbohner* v. *Glenn Falls
Ins. Co.*, 6 Cal. App. 379, [92 Pac. 318] ; *McCollough* v. *Home
Ins. Co.*, 155 Cal. 659, [18 Ann. Cas. 862, 102 Pac. 814].)

.    .    .    .    .    .    .    .    .

"Notwithstanding the fact that the plaintiff's interest was
not that of a sole and unconditional owner within the mean-
ing of the forfeiture clause of the policy under discussion,
he did have an insurable interest in the property sufficient
to validate the contract of insurance and support an action
thereon. (Civ. Code, secs. 2546, 2547; *Breedlove* v. *Norwich
etc. Ins. Co.*, 124 Cal. 164, [56 Pac. 770] ; *Sharp* v. *Scottish
Union*, 136 Cal. 542, [69 Pac. 253, 615].)"

But this erroneous conclusion by the trial court on the
question of ownership of the property would not warrant a
reversal if the finding of the court upon the agency of Wade
and the conclusion of law drawn by the court therefrom can
be sustained.

Appellant attacks this finding as not supported by the evidence and further contends that even if the evidence does sustain it, nevertheless the conclusion of law which the court adduces therefrom was erroneous.

As to such agency. The evidence shows that Wade was never the actual agent of the defendant. He was a real estate agent and insurance broker and in his latter capacity solicited insurance from the public. He had a list of insurance companies, including the defendant company, with which he placed such insurance as he might obtain. These companies paid him a percentage commission. As far as defendant was concerned he was never actually appointed as an agent for such purpose. His only relation to it was that usually arising from insurance brokerage—namely, that when he presented an application for insurance to it if it elected to issue a policy it paid him a brokerage commission for placing the risk for it. His connection with the defendant only existed during the negotiations of placing any insurance he might procure with it, the delivery of the policy, the payment of the premium, and the brokerage commission. When this was completed all connection between them was at an end.

But it is claimed that though the evidence may not show that Wade was the actual agent of the defendant, still the finding is supported under the evidence which shows that he was the ostensible agent of defendant and as such prepared the application for insurance, knew the true title of the respondent in the insured property, represented to him that it was unnecessary to mention in the application the existence of the contract of conditional sale to Cochran; that this was knowledge by the agent of a matter materially affecting the contract of insurance which he was making for the defendant and hence was notice to the defendant itself and operated as a waiver of a condition which otherwise might be relied on by it to defeat the policy.

The finding in support of ostensible agency is based upon the following facts; that covering a period of several years preceding the application for the policy here in question, Wade had insured four separate pieces of property of plaintiff, placing the insurance with defendant; that while he had on his list a number of companies for which he placed risks

he never insured the property of plaintiff in any other company than that of defendant; that in soliciting insurance to be placed with the defendant company he delivered its circulars to persons he approached and distributed other printed matter of the defendant; that he placed all the insurance he could with defendant; that in each instance where an application for insurance on the property of the plaintiff was presented to defendant it accepted the written application prepared by Wade, executed the policy of insurance thereon and delivered it, including the one here in question, to Wade, who in turn delivered it to plaintiff; that plaintiff paid the premiums to Wade on these policies, who paid them to defendant, and out of it, defendant paid Wade a commission.

The contention of the appellant, as it has been said, is that this evidence is insufficient to sustain the finding of even ostensible agency and that if it was sufficient, still that under the express terms of the policy limiting the power of its agents the knowledge or conduct of Wade was not binding on the company nor constituted a waiver of the conditions of the policy and the conclusion of the trial court that they were is not correct.

We are satisfied that this last contention of the appellant must be sustained. Hence, it is unnecessary to determine whether the recited evidence does or does not sustain the finding on the theory of ostensible agency. In fact under the provision of the policy issued by defendant it is immaterial whether Wade was the actual agent of the defendant company or its ostensible agent.

The policy which was delivered by the defendant and accepted by the plaintiff constituted the contract between them. It was accepted subject to the condition that it was void if the stipulation therein contained that plaintiff was the sole and unconditional owner of the property was untrue. It further provided that "no officer, agent or other representative of this company shall have power to waive any provision or condition in this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto," and as to such provisions or conditions such officer, agent, or representative shall not be deemed to have

waived them unless such waiver be written upon or attached to the policy.

An insurance company, like any other principal acting through agents, may limit their powers, and this was done by defendant by clear and plain terms in the policy here in question. When plaintiff accepted it it became the contract between him and the company and he was charged with knowledge of its terms, among others the limitations upon the power of the agent of the company. (*Westerfield* v. *New York Life Ins. Co.*, 129 Cal. 68, [58 Pac. 92, 61 Pac. 667]; *Cayford* v. *Metropolitan Life Ins. Co.*, 5 Cal. App. 715, [91 Pac. 266]; *Blunt* v. *Fidelity & Casualty Co.*, 145 Cal. 268, [104 Am. St. Rep. 34, 67 L. R. A. 793, 78 Pac. 729].)

Provisions in policies limiting the authority of agents to bind the company by waiver of conditions therein have been the frequent subject of consideration by the courts. It is held with practical unanimity that, notwithstanding such limitations upon the authority of these agents, conditions in policies may be waived by some agents of the company and under some circumstances will be deemed to have been waived notwithstanding the method provided for in the policy has not been pursued. But the authority of an agent to effect the waiver in the face of such a limitation as here is not vested in every agent who may represent the company. Unless such authority be given to some particular agent to do so, then, as a general rule, it is only agents of the company who are empowered to issue and deliver policies who may be regarded as having the power to waive conditions and forfeitures. They are the general agents of the company and vested with full authority to consummate the contract of insurance and are deemed, as such representatives, to have the same power to waive conditions as the companies themselves. As to the character of agents authorized to waive such conditions, it is said in 3 Cooley's Briefs on Insurance, p. 2480: "This rule includes all persons empowered to conclude contracts of insurance without first referring the negotiations to their principals, such as those which have 'full power to effect contracts of insurance, to fix rates of premiums, to consent to changes, to make indorsements and to cancel policies.'" It may also include those declared by statute of a state to be general agents.

It is not claimed here that the representations or statements of Wade were communicated to the general agent of the defendant or that he had any knowledge in fact of the existence of the conditional contract of sale between plaintiff and Cochran, or that the statement in the policy that plaintiff was the sole and unconditional owner of the property insured was not true. The contention solely is that because Wade was agent of the company—the ostensible agent at least—his knowledge bound the defendant. But Wade was merely a soliciting agent of the defendant. He had no authority, actual or ostensible, to waive conditions in the policy. This was not within the scope of any apparent authority he possessed, and his knowledge of the true condition of the title of plaintiff, not communicated to the general agent of the company, was not the knowledge of the latter. The extent of his duties was merely to solicit insurance and send in applications therefor to the general agent of the defendant. He had no authority to consummate the contract of insurance and issue the policy, and it is only an agent of this character who could waive conditions notwithstanding the apparent limitations of the power of all agents to waive the conditions or stipulations of a policy. A soliciting agent could not. (*Iverson* v. *Metropolitan Life Ins. Co.,* 151 Cal. 746, [13 L. R. A. (N. S.) 866, 91 Pac. 609] ; *Fidelity etc. Co.* v. *Fresno Flume Co.,* 161 Cal. 466, [37 L. R. A. (N. S) 322, 119 Pac. 646] ; *McIntosh* v. *Agricultural Fire Ins. Co.,* 150 Cal. 440, [119 Am St. Rep. 234, 89 Pac. 102] ; *Raulet* v. *Northwestern Ins. Co.,* 157 Cal. 213, [107 Pac. 292].)

The judgment is reversed.

Henshaw, J., Melvin, J., Shaw, J., and Angellotti, J., concurred.