[Civ. No. 8566. First Appellate District, Division One.—December 28, 1932.]

S. E. SLADE LUMBER COMPANY (a Corporation), Respondent, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Dinkelspiel & Dinkelspiel for Appellant.

Derby, Sharp, Quinby & Tweedt for Respondent.

THE COURT.—This action was brought by plaintiff to reform a policy of insurance issued to it by defendant, covering protection against insolvent debtors so as to include therein the account of Mox Inc., an alleged debtor of plaintiff, and to recover the sum of $7,066.25 as a loss sustained by plaintiff through the alleged insolvency of said Mox Inc.

The amended complaint contains three counts. Defendant was granted a nonsuit upon the first. The second alleges a mistake in said policy known to defendant at the time of its delivery to plaintiff and of which it deliberately failed to notify plaintiff at the time of its delivery; and the third count alleges defendant agreed to issue its policy to cover and include therein the names of customers of plaintiff, a list of which was submitted to defendant, including the name of Mox Inc.; that thereupon defendant issued and delivered its policy to plaintiff, representing at the time of said delivery that said policy covered and protected plaintiff against loss from all accounts contained in the said list and particularly the account of Mox Inc.; that thereafter the said Mox Inc. became insolvent and made an assignment of all its assets to a committee of seven creditors for the benefit of all of its creditors; that plaintiff has demanded of defendant reimbursement for said loss but the defendant refuses to pay same. Plaintiff requests that the said policy be reformed to conform to the agreement aforesaid, so as to include in said policy among the accounts of customers of plaintiff the account of Mox Inc.

Defendant answered, denying that the policy contained any mistake known to it or any mistake at all, or that defendant was indebted to plaintiff under said policy in any amount or sum.

Judgment was rendered reforming said policy so as to include therein the account of Mox Inc., and awarding plaintiff the sum of $2,235.48. From this judgment defendant has appealed.

Respondent is engaged in the lumber business. Defendant is an insurance company issuing, among others, policies of credit insurance protecting the insured against losses arising from nonpayment of accounts by the assured's customers. The main office of appellant is located in New York City. It maintains a branch office in San Francisco.

It appears from the testimony of ´Russell C. Slade, respondent's vice-president and general manager of its San Francisco office, that in March, 1927, appellant, through Leon C. Voss, its Pacific Coast manager, solicited Slade to take out a policy for the benefit of respondent. Slade told Voss that he was wholly unfamiliar with credit insurance and Voss thereupon explained to him that by virtue of a credit insurance policy the assured would be reimbursed for any loss caused by the insolvency of its debtors. He also informed Slade that the policy did not contain the names of the assured's customers but only the ratings, and that in order to secure a policy with respect to them it was first necessary to make a list of their names and then ascertain their ratings. At the request of Voss, Slade prepared a list of names to whom respondent sold lumber, including therein the name of Mox Inc., against whom protection insurance was desired. There is a mercantile credit book used in the lumber trade commonly called the Red Book, and this book was used by Voss and Slade in ascertaining the credit rating of respondent's customers. This Red Book is a directory or reference book of the lumber trades and also contains ratings of most of the names appearing therein, though some half a dozen names appear therein with no rating given them. Among these names, with no rating appearing opposite the name, was that of Mox Inc. In other words, the name of Mox Inc. was listed in said Red Book but there was no rating opposite said name. Slade testified that he asked Voss how these customers, whose names appeared in the Red Book without any rating, could be covered by the policy, and that Voss replied that a rider would be attached to the policy setting forth their respective ratings as shown by the Bradstreet Mercantile Agency, and that thereby the accounts of these customers would be included in the policy.

The policy, under condition two, provides that no loss is covered unless the debtor to whom goods are shipped and delivered shall have in the published book of the Lumbermen's Credit Association Mercantile Agency at the date of the shipment a capital rating and its accompanying credit rating as tabulated therein. This provision of the policy was modified by a rider attached to it which provided as follows: ''It is agreed that if at the date of booking the name of a debtor does not appear in the latest published

books or reports of the Lumbermen's Credit Association Mercantile Agency, then the Bradstreet Mercantile Agency shall govern in place of the Lumbermen's Credit Association Mercantile Agency, as specified in Condition No. 2 and the subjoined 'Table of Ratings' and gross amounts shall be substituted for the 'Table of Ratings' and gross amounts now contained in said Condition No. 2, where the goods are sold, shipped and delivered to a similar class of debtors.'' Then follows in said table of rating the gross amounts of capital and the gross amounts covered by the policy. These ratings are indicated by letters of the alphabet. The name of Mox Inc. is listed in Bradstreet under the letters N. B., these letters indicating that its gross capital is placed therein at $150,000 and the gross amount covered at $10,000.

The trial court reformed the said rider by adding thereto the words ''with a rating'' after the word ''appear'', so that the said rider, so reformed, reads as follows: ''It is agreed that if at the date of booking the name of a debtor does not appear with a rating in the latest published books or reports of the Lumbermen's Credit Association Mercantile Agency, then the Bradstreet Mercantile Agency shall govern'', etc.

Slade testified that at the suggestion of Voss he made out and gave to him a list of respondent's customers against whom credit insurance was desired, including the name of Mox Inc., and that he was assured by Voss that each of said customers would be covered by the policy. Appellant contends that as the policy limits the authority of the agent, the aforesaid agreements and representations of Voss are not binding upon it. This policy provides that ''No agent is authorized to make any alteration in, or addition to, this Policy, or to waive any of its terms, conditions or stipulations . . . unless expressed in writing and signed by the President or a Vice-President of the Company . . . ''

That the principal may limit the authority of the agent seems to be well settled in this state. (*Sharman* v. *Continental Ins. Co.*, 167 Cal. 117 [138 Pac. 708, 52 L. R. A. (N. S.) 670]; *Fidelity etc. Co.* v. *Fresno Flume etc. Co.*, 161 Cal. 466 [119 Pac. 646, 37 L. R. A. (N. S.) 322]; *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322].) And this limitation applies to all agents, no matter what their rank

or designation may be.  (*Belden* v. *Union Central Life Ins. Co.*, 167 Cal. 740 [141 Pac. 370].)

However, the agreement made by Slade with Voss that if respondent's customers did not appear in said Red Book the rating of Bradstreet would govern, was made a part of the policy by attaching to it the Bradstreet or concurrent rider signed by appellant's vice-president. Appellant contends that as said rider provides that if the name of the customer did not appear in said Red Book, then only in that event would the Bradstreet rating apply, but inasmuch as the name of Mox Inc. did appear in said Red Book that therefore the said rider had no application to said customer. It is apparent that the sole object and purpose of resorting to the Red Book was to ascertain the rating of respondent's customers, and that failing to find a rating therein for Mox Inc., then in order that this customer of respondent should be included in the policy, resort was had to Bradstreet, where such rating existed. Under these circumstances we are of the opinion that the mere fact alone, that the name of Mox Inc. appeared in said Red Book, did not operate to exclude it from being covered by the policy as evidenced by the Bradstreet rider.

Furthermore, as indicating the sources that would be relied upon in fixing the rating of respondent's customers, this clause appears in respondent's application for said policy: "We agree that the ratings of the Lumbermen's Credit Association & Bradstreet Mercantile Agency shall govern exclusively shipments under said Policy." This application was sent to the home office of appellant and was attached to the policy at the time it was issued.

The policy is dated June 23, 1927, and is for the term of one year beginning June 1, 1927, and ending May 31, 1928. As tending to indicate that the policy covered Mox Inc. and was so regarded by appellant, Slade testified that on June 30, 1927, he sent to appellant's San Francisco office a credit memorandum which contained a list of his customers covered by the policy under the Bradstreet rating, and included in this list was Mox Inc., rated N. B., amount covered $10,000, with a clause therein stating that the Red Book governs unless blank and then Bradstreet rating as above stated to govern. It is admitted by appellant that this

credit memorandum was received at the San Francisco office.

Slade also testified that as respondent was not a subscriber to Bradstreet's books. Voss agreed to keep it in touch with any changes of the Bradstreet rating; that if respondent would write to appellant's San Francisco office from time to time setting forth the names covered by the Bradstreet rider, appellant would note the changes thereon and return the letters to respondent; that on July 18, 1927, and again on September 1, 1927, Slade wrote to appellant, addressed to its San Francisco office, requesting to be informed whether or not there had been any changes in the Bradstreet rating of the customers covered by the policy, naming among said customers Mox Inc., and that the letters were received back with penciled notations on same made by Voss.

■ Appellant claims that there is no evidence establishing the insolvency of Mox Inc. This claim is without merit. Not only is the insolvency of Mox Inc. admitted by appellant's answer, but there is evidence that on or about September 1, 1927, Mox Inc. assigned its assets to a committee of seven creditors for the benefit of all of its creditors. By the terms of the policy this assignment constituted insolvency.

■ Appellant also contends that by the acceptance and retention of the policy by respondent it is estopped from asserting that the policy is not the contract of the parties. Numerous authorities are cited in support of this contention. While as a general proposition this is a correct statement of the law, yet it has frequently been decided that the mere failure to read an instrument with sufficient attention to perceive a defect in its contents does not prevent its reformation. (22 Cal. Jur. 726.) And this depends upon the circumstances of each particular case. (*Burt* v. *Los Angeles Olive Growers Assn.*, 175 Cal. 668 [166 Pac. 993]; *California Packing Corp.* v. *Larsen*, 187 Cal. 610 [203 Pac. 102]; *Siem* v. *Cooper*, 79 Cal. App. 748 [250 Pac. 1106, 1108].) In this last-named case the court said: " . . . nor is the fact that the defendant failed to read the second instrument sufficient to preclude the trial court from granting relief. Such failure is an act to be explained and where the testimony sufficiently explains such failure it is removed from the case just as other acts of failure might be re-

moved.'' ██ In the instant case respondent not only had the assurance of appellant's manager, Voss, that Mox Inc. would be included in the policy, but an examination of the policy would not have disclosed that this customer was left out of it, for the reason that Mox Inc. did not appear in the policy by name, but by the letters N. B. alone, and these letters were in the policy signifying a rating and purporting to carry insurance against Mox Inc. to the extent of $10,000. Under these circumstances no estoppel was created by the acceptance and retention of the policy.

██ Appellant makes the claim that the policy does not cover the freight charges upon the lumber shipped by respondent to Mox Inc. The policy insured respondent against all loss resulting from the sales of lumber shipped during its term and delivered in the usual course of business to individuals, firms and corporations. The evidence is undisputed that respondent paid the freight upon the lumber that it shipped to Mox Inc. and added this cost of freight to its account against Mox Inc. for said lumber. Some evidence was received over the objection of appellant regarding the custom that prevailed as to the manner of handling this freight charge. The invoices that were made out on each shipment of lumber contained the amount owing for the lumber and the amount of the freight charge segregated. Slade testified that the reason for this segregation was that a discount of two per cent was allowed on the price of the lumber if paid within sixty days, but there was no discount on the freight. This contention is without merit.

██ We are of the opinion that there existed no real necessity for the reformation of this policy in order to enable respondent to recover the loss sustained by it through the insolvency of Mox Inc. for the reason that the policy, with the Bradstreet rider, carries the implication that as Mox Inc. was not rated in the Red Book its rating, as evidenced by the Bradstreet rider, was covered and included in said policy.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 23, 1933.